**In re SUN VALLEY RANCHES, INC.,
Debtor in Possession.**

**Bankruptcy No. 83–00854.**

United States Bankruptcy Court,
D. Idaho.

March 30, 1984.

R.H. Young, Adamson, Young & McQuade, Nampa, Idaho, and T.N. Ambrose, Moffatt, Thomas, Barrett & Blanton, Chartered, Boise, Idaho, for debtor.

Dale G. Higer, Eberle, Berlin, Kading, Turnbow & Gillespie, Chartered, Boise, Idaho, for The Equitable Life Assur. Soc. of the U.S.

R. Michael Southcombe and Michael T. Spink, Clemons, Cosho & Humphrey, P.A., Boise, Idaho, for Southern Idaho Production Credit Ass'n.

## MEMORANDUM DECISION AND ORDER

M.S. YOUNG, Bankruptcy Judge.

This matter is before the Court upon the motions to lift the § 362(a) stay brought by The Equitable Life Assurance Society of the United States (Equitable Life) and Southern Idaho Production Credit Association (SIPCA), to allow them to foreclose their liens on debtor's property.

Under § 362(d)(2)(A), to support a motion to lift the § 362(a) stay in order to act against the property of a debtor, the proponent must establish a lack of equity on the part of the debtor in the subject collateral. See § 362(g)(1). The debtor has the burden of proof on all other issues. § 362(g)(2). As noted by the Court in *La Jolla Mortgage Fund v. Rancho El Cajon Associates*, 18 B.R. 283, 289–90, 8 BCD 1035 (Bkrtcy.S.D.Ca.1982), "equity" under the analysis of § 362(d) requires a determination of whether debtor has any interest above all liens in the subject property. In contrast, when adequate protection for a single creditor is considered, equity is evaluated as related to that secured creditor. This is discussed *infra*.

My factual findings are summarized in Exhibit A attached hereto. I find that the proponents, Equitable Life and SIPCA, have established that debtor has no equity in the real estate and irrigation equipment, when all encumbrances are considered.

Therefore, the debtor must establish that the property is necessary to its reorganization in order to forestall lift of stay under § 362(d)(2). Debtor has met this burden in this case, establishing that the real estate and irrigation equipment is necessary for any effective reorganization of its farming operation. Thus, stay lift is unavailable to the moving parties under this subsection.

However, under § 362(d)(1), the stay may also be lifted "for cause, including the lack of adequate protection" of the petitioning creditors' interest in the property. Under § 362(g)(2), the debtor has the ultimate burden of proof on these issues.

As shown on the summary of financial information (Exhibit A), Equitable Life enjoys an excess in the value of its collateral over the indebtedness owed it of approximately 1.3 million dollars. In the language of Judge Meyers in *La Jolla, supra,* 18 B.R. at 287–288, this difference is a "value cushion" rather than a true "equity cushion" since it is clear debtor has no equity over and above all secured liens. While it may appear to be mere semantics, the distinction is relevant to an analysis of whether Equitable Life is entitled to either lift of stay or adequate protection.

Section 361 [1] of the Code is a procedural rather than substantive provision. It specifies methods by which adequate protection may be provided *if* adequate protection is required by other sections of the Code. One section triggering the application of § 361 is § 362. However, reference must be made to what interest is being protected.

■ As §§ 361(1) and (2) make clear, when adequate protection is required, *inter alia,* to continue the automatic stay in ef-

fect, it may be provided by periodic cash payments or replacement liens "to the extent that the stay . . . results in a decrease in the value of such entity's interest in such property." The weight of authority, and in my view the better reasoned authority, establishes that what is being preserved is the status quo, and that the creditor is entitled to protection against any depreciation or diminution in the value of the collateral as it existed and was available to satisfy the debt on the date of the filing of the petition for relief, until such time as a plan of reorganization is confirmed. In particular, there is no entitlement to cash payments, replacement liens, or other methods of adequate protection to compensate the creditor for lack of access to the collateral for the period of time foreclosure is forestalled due to the automatic stay or for loss of the use of the money it would have been able to receive on liquidation of its collateral, often called "opportunity costs." *In re American Mariner Industries, Inc.,* 27 B.R. 1004, 10 BCD 281, 8 CBC2d 308 (9th Bkrtcy.App.1983), so holds and is the binding authority in this circuit. See also *In re Briggs Transportation Co.,* 35 B.R. 210, 9 BCD 966 (Bkrtcy.D.Minn.1983); *In re Aegean Fare, Inc.,* 34 B.R. 965 (Bkrtcy.D. Mass.1983); *In re Shriver,* 33 B.R. 176, 11 BCD 93 (Bkrtcy.N.D.Ohio 1983); *In re Cantrup,* 32 B.R. 1004, 10 BCD 1372 (Bkrtcy.D.Colo.1983); *In re Saypol,* 31 B.R. 796, 10 BCD 1057 (Bkrtcy.S.D.N.Y. 1983); *In re South Village, Inc.,* 25 B.R. 987, 9 BCD 1332 (Bkrtcy.D.Utah 1982); *In re Alyucan Interstate Corp.,* 12 B.R. 803, 7 BCD 1123 (Bkrtcy.D.Utah 1981). See generally, O'Toole, "Adequate Protection

---

1. "When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity inproperty, such adequate protection may be provided by—

(1) requiring the trustee to make periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property;

(2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or

(3) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

and Postpetition Interest in Chapter 11 Proceedings," 56 Am.Bankr.L.J. 251 (1982).

Not all courts agree with this conclusion. See *In re Monroe Park*, 17 B.R. 934, 6 CBC2d 139 (D.C.Del.1982); *In re Virginia Foundry Co., Inc.*, 9 B.R. 493 (W.D.Va. 1981); *In re Anchorage Boat Sales, Inc.*, 4 B.R. 635, 6 BCD 495, 2 CBC2d 348 (Bkrtcy.E.D.N.Y.1980); *In re Pitts*, 2 B.R. 476, 5 BCD 1129, 1 CBC2d 241 (Bkrtcy.C.D. Ca.1979) (perhaps the first Code case to consider and use the term "cushion"). See also *American Mariner, supra,* 27 B.R. at 1014 (Hughes, dissenting). In my view, those courts holding opportunity cost or the time value of money is compensable as part of adequate protection place unjustified reliance on *In re Murel Holding Corp.*, 75 F.2d 941 (2d Cir.1935), and the incorporation of Judge Learned Hand's metaphorical language in that case into § 361(3). See also, e.g., H.Rep. 95–595, 95th Cong., 1st Sess. (1977) at 339, U.S. Code Cong. & Admin.News 1978, p. 5787 (creditor entitled to its "bargain"). As persuasively set forth by Judge Mabey in *South Village* and *Alyucan,* Judge Kressel in *Briggs Transportation,* Judge Buschman in *Saypol,* Judge Krasniewski in *Shriver, supra,* and particularly Judge Volinn in *American Mariner* for a majority of the Bankruptcy Appellate Panel of this circuit, congressional insertion of the "indubitable equivalent" language in § 361(3) does not impose the same requirements for *interim* adequate protection to prevent vacation of the stay as is required for a fair and equitable treatment of an impaired secured creditor under § 1129(b)(2)(A)(iii), which involves an issue analogous to that addressed by Judge Learned Hand in *Murel Holding.*

■ What, then, is the interest of Equitable Life entitled to adequate protection? Its indebtedness is fully secured by the real property. So long as that property remains available in sufficient amount to satisfy its secured claim, Equitable Life is protected. That interest in the property must be protected from diminution in value due to the existence of the stay or the use of the property. Under *American Mariner* and the other authority cited *supra,* the fact that Equitable Life is stayed from immediate foreclosure is not compensable unless that restraint somehow causes the property to decrease in value. Furthermore, the fact that under § 506(b) interest continues to accrue on the debt since Equitable Life is an oversecured creditor is irrelevant to the issue of adequate protection. That accruing interest must be paid, to the extent the collateral will support payment, in debtor's plan or be recognized upon liquidation of the collateral, but it is not presently payable and need not be paid as adequate protection of the "value" of Equitable Life's interest in the property for the period between filing and confirmation.

■ I conclude that the stay should not be terminated as to Equitable Life at this time. There is no evidence establishing a decline in value in its collateral. Even if there were, it is adequately protected by its value cushion pending confirmation of a plan within a reasonable period of time. I am aware that there has been a delay of some ten months before a disclosure statement was filed, and that no plan or other significant movement has occurred. However, the remedy for such delay is a motion to dismiss the proceeding or to obtain appointment of an examiner or trustee, not a motion to vacate the stay. The denial of this motion will be without prejudice to either renewal or to a motion to dismiss the proceeding.

■ The SIPCA is undersecured. Under § 506(a), the value of SIPCA's secured claim is approximately $921,000.00. No evidence was offered to establish that the chattels pledged as security for the SIPCA indebtedness are depreciating although it seems probable that depreciation has occurred and may continue during the pendency of this proceeding. Further, the accrual of interest under § 506(b) on the secured debts of Equitable Life and the Farmers Home Administration, both of whom are in a priority position to SIPCA on the real estate and irrigation equipment and who have "value cushions," will reduce

the value of SIPCA's secured interest in the real estate available to satisfy its debt. SIPCA is entitled to adequate protection for this depletion.

 As stated previously, § 361 provides various and flexible means for protecting a creditor from diminution in the value of its interest in property of the estate, whether due to the lack of vacation of the stay or to continued use of the property by the debtor in possession under § 363. The burden is squarely upon the debtor in possession to propose a method of adequate protection when such protection is required; the Court need not determine if protection is possible but only decide if the proposed method is sufficient. Debtor's burden is triggered, among other things, by an attempt to lift the stay "for cause" including a lack of protection.

 The debtor in possession has not proposed to compensate SIPCA through payments for the depreciation of chattels or for the decreasing available interest in the real estate. Indeed, debtors have once again recently sought authority to use cash collateral absent the consent of the SIPCA under § 363(c)(2)(B), which motion has been denied. Though essentially unarticulated, debtor proposes adequate protection by the proffer of a lien on future crops. See § 361(2). I conclude that debtors have not met their burden under § 362(d)(1) and (g)(2) in this regard. The amount necessary to provide adequate protection has not been determined nor specifically offered by debtor in possession. This proceeding has been pending some ten months and with no substantial action; the first hearing on the approval of debtor's disclosure statement is now set for April 24, 1984, almost one year from the date of commencement of the case. While it is possible that, in some manner, SIPCA might be protected for an additional limited period, debtor has not made any concrete proposal upon which this Court can act. I therefore conclude cause to vacate the stay under § 362(d)(1), i.e., lack of adequate protection, exists and that the stay must be lifted as to SIPCA.

Now, therefore, it is Ordered:

1. That the motion of Equitable Life Assurance Society of the United States to vacate the § 362(a) stay is denied.

2. The motion of SIPCA to vacate the § 362(a) stay is granted.

EXHIBIT A

Financial Information on Motion to Vacate Stay
By Equitable Life and SIPCA

| 1st Position | Collateral | Value of Collateral | |
|---|---|---|---|
| Equitable Life | All real estate & irrigation equipment | $ 2,650,000.00 | (11-1-83 appraisal) |
| | Indebtedness due 3-15-84 | 1,301,308.00 | |
| | "Equity Cushion" Interest Factor (Per Diem) | | $1,348,692.00 310.69 |
| 2nd Position | Collateral | Value of Collateral | |
| FmHA | All real estate & irrigation equipment | $ 1,348,692.00 | |
| | Indebtedness due 3-15-84 | 970,050.00 | |
| | "Equity Cushion" Interest Factor (Per Diem) | | $ 378,642.00 186.242 |
| 3rd Position | Collateral | Value of Collateral | |
| SIPCA | Real estate Farm machinery & equip. Cash | $ 378,642.00 163,105.00 200,000.00 | |

| 3rd Position | Collateral | Value of Collateral |
|---|---|---|
| | Well drilling equip. | $ 101,000.00 |
| | Grain | ? |
| | Stock – P.C.A. | 78,000.00 |
| | | $ 920,747.00 |
| | Indebtedness due 3–15–84 | 1,154,673.00 |
| | Undersecured | ($ 233,926.00) |